CHIEF JUSTICE STITES
deliveeed the opinion op the codht:
These were judgments for money rendered in the Scott circuit court, whilst the act of May 24th, 1861, (Sess. Acts, p. 2,) *45 forbidding such judgments for the period therein named, was in force.
The eases are directly within the principle of Johnson vs. Higgins. (3 Met. 567,) and except for the earnest argument in opposition to the ruling of that case, we should have contented ourselves with a reference thereto as conclusive of these.
It is again urged, as it was in that case, that that section of the bill of rights which declares “ that all courts shall be open, and every person, for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law; and right and justice shall be administered without sale, denial, or delay,” has been violated by the section of the act supra, which, in effect, as is said, retarded and delayed justice for the period during which it was in force.
The same views which were presented in the case supra, have been again pressed, and the same reply may be made to them. But here we have been referred to an authority, which was not cited upon the hearing of the other case. It is the case of Bailey vs. Gentry. (1 Missouri Reports, 172.)
¿The case involved the constitutionality of the Missouri stay law, which was in many respects similar to the Kentucky act of 1820, which was pronounced unconstitutional by this court in the cases of Blair vs. Williams, and Brashear vs Lapsley, (4 Littell.) The Missouri court held the law unconstitutional, because (I) it impaired the obligation of contracts, and (2) because it operated to delay justice, and was, therefore, in violation of the section of the bill of rights of that State, which is substantially similar to that section of our hill of rights, which has been mentioned.
An attentive examination of the case has led us to the conclusion that the last ground upon which the. decision was made to rest, was not necessary, nor warranted, either by the section of the Missouri bill of rights or the reasoning of the court upon which it was founded.
The doctrine that the section referred to applies alike to the legislative and judicial branches of the government is, in our judgment, directly opposed to the meaning and language of the section. This, we think, is rendered perfectly obvious by *46 reading it. The courts form its sole subject matter, and every part and parcel of the section relates directly to some duty of that branch of the government.
It is worthy of remark, in this connection, that in the cases of Blair vs. Williams and Lapsley vs. Brashear, supra, in which an act similar to the Missouri act was pronounced unconstitutional, it is not even intimated by this court, in either case, that the section of the bill of rights in the constitution of 17.99, which is, word for word, like that in the constitution of 1850, and now before ns, was in anywise invaded by the law then considered. Certainly something would have been said in reference to that section, if it had been deemed at all involved in the cases; for, as is well known, the controversy respecting that law was one of unusual .interest and magnitude.
We may add, too, that in our researches for authorities upon this question, except the case from Missouri supra, we have been unable to find even a reference to any, in point, but one, the principle of which is thus stated in the 1st vol. U. S. Dig., page 555. “The Georgia statute ‘to alleviate the condition of debtors, and afford them temporary relief,’ which enacted that the courts should not ‘issue process in any civil case except for the trial of the right of property real and personal,’ for a definite period, was held not to impair the obligation of contracts, nor take away the trial by jury.” Grimball vs. Ross, Charlton, 175.
The volume of reports containing this case is not within our reach, and the reference is made not as authority, but only for the purpose of showing that the same question has been decided by the Georgia courts differently from the ruling of the Missouri case.
In regard to the constitutional right of the legislature to enact the section oí the act in question, and as to its effect in impairing the obligation of contracts, it is deemed sufficient to say that both these points were fully argued and considered in the case of Johnson vs. Higgins supra, and we have seen no valid reason for departing from the conclusions therein stated.
Wherefore, the said judgments are reversed, and causes remanded for further proceedings not inconsistent herewith.