**David M. CARNEY, et al., Movants,**

v.

**John B. MOODY, et al., Respondents.**

Supreme Court of Kentucky.

Dec. 14, 1982.

Rehearing Denied March 9, 1983.

Kenneth J. Tuggle, Frank W. Burke, Louisville, for movants.

James Ludwig, William Blackburn, Kenneth H. Baker, Joe G. Leibson, C. Michael Hatzell, Louisville, for respondents.

PALMORE, Justice.

In *Saylor v. Hall,* Ky., 497 S.W.2d 218 (1973), it was held that by virtue of Const. Secs. 14, 54 and 241 the 5-year statutes of limitation [KRS 413.120(14) and 413.135] enacted in 1964 and 1966 could not operate to bar recovery for a death that occurred in 1969 as result of a defect in a building constructed in 1955. In this case we have the same question with respect to injuries occurring in 1978 as the result of defective construction that took place in 1971. The only significant factual distinction between the two cases is that in *Saylor* the negligent conduct of the builder preceded the enactment of the statutes, whereas in this instance the statutes were in force when the building was constructed. We are of the opinion that this factual distinction is without legal significance, but have concluded nevertheless that the statutes do not violate the constitutional provisions.

Simply stated, Const. Secs. 14 and 54 prohibit the abolition or diminution of legal remedies for wrongful death, personal injuries, property damage or defamation. In *Saylor* the defendant builder pitched his case on the proposition "that at the time the questioned statutes were enacted, there was no existing right of action for negligence in this state where the plaintiff was a third party and the defendant was a builder whose work had been completed and accepted by the owner with whom he had contracted." 497 S.W.2d at p. 223. Accordingly, the inquiry by the court was "to determine what the situation applicable to the parties ... was *at the time the questioned statutes were enacted in 1964 and 1966 ...* the problem is the state of law in Kentucky *when the questioned statutes were enacted."* (Emphasis added.) *Ibid.* And the conclusion reached by the court was that "the builder at that time was at least subject to liability to third parties for negligent construction, though completed and accept-

ed, that created a latent defect ... where innocent third parties on the property could foreseeably be injured by such dangerous and concealed condition. Therefore, we hold that there was an existing right of action in this state for the type of negligence claimed in this lawsuit when the questioned statutes were enacted." *Saylor,* at 497 S.W.2d 224.

The problem with the *Saylor* opinion as a precedent in this case is that it did not discuss or decide the question of whether the facts would have given rise to a legal cause of action not only when the statutes of limitation were enacted in 1964 and 1966, but also when the Constitution was adopted in 1891.

In the earlier cases construing this aspect of Const. Secs. 14 and 54 the inquiry was directed to whether the right of action affected by a statute "had become established prior to the adoption of the Constitution." *Happy v. Erwin,* Ky., 330 S.W.2d 412, 413 (1959), citing *Ludwig v. Johnson,* 243 Ky. 533, 534, 49 S.W.2d 347 (1932). See also *Kentucky Utilities Co. v. Jackson-County Rural Electric Coop. Assoc.,* Ky., 438 S.W.2d 788, 790 (1969). So, too, has this same benchmark been recognized more recently in *Fireman's Fund Insurance Company v. Government Employees Insurance Company,* Ky., 635 S.W.2d 475, 477 (1982).

It is not seriously contended that the law as it prevailed in 1891 would have afforded the injured parties a remedy against the negligent builder or builders. Cf. *Simons v. Gregory,* 120 Ky. 116, 85 S.W. 751 (1905), which appears to have been the law until it was effectually overruled by *Saylor.* It is our conclusion, therefore, that Const. Secs. 14 and 54 do not apply.

The respondents argue that because negligence was an established basis for a cause of action in 1891 all rights of action based on negligence, especially of a type recognized at the time the limitations statutes were enacted in 1964 and 1966, are constitutionally protected. This would mean, however, that every enlargement in the field of liability for negligent conduct, whether effected by statute or by decision of this court, would assume constitutional status, beyond the power of either court or legislature to overrule or repeal it. We cannot accede to that proposition. Our construction of these constitutional provisions is and should be that which leaves to the policy-making arm of government the broadest discretion consistent with their language. That the statutes limiting the period of a builder's exposure to liability for faulty construction may occasionally leave injured parties without a remedy, or without a solvent defendant, cannot justify the courts in taking corrective measures that more appropriately fall within the prerogative of the legislature.

The decision of the Court of Appeals is reversed and the cause is remanded to that court for further proceedings not inconsistent with this opinion.

All concur.