**HOUSING NOW–VILLAGE WEST, INC., Village West II, Inc., and Village West Centers, Inc., Appellants,**

v.

**COX & CRAWLEY, INC., Bickel-Gibson Associates Architects, Inc., American Roofing Company, Inc., and Triangle Industries, Inc., Appellees.**

Court of Appeals of Kentucky.

Dec. 17, 1982.

James G. Apple, Larry D. Hamfeldt, Stites, McElwain & Fowler, Louisville, for appellants.

Allen R. Brown, Louisville, for Cox & Crawley, Inc.

Louis N. Garlove, Louisville, for Bickel-Gibson Associates Architects, Inc.

Armer H. Mahan, Jr., Louisville, for American Roofing Co., Inc.

Don F. Schmidt, Louisville, for Triangle Industries, Inc.

Before GUDGEL, HOWARD and LESTER, JJ.

HOWARD, Judge.

Appellants appeal from an order and judgment of the Jefferson Circuit Court dismissing their complaints against the appellees by reason of being barred by the statute of limitations.

In August, 1969, November, 1970, and May, 1972, appellants contracted with appellee, Bickel-Gibson Associates Architects, Inc., for the planning and design, and with appellee, Cox & Crawley, Inc., for the construction of low income residential apartment units in Louisville. The apartment complex was to be known collectively as Village West and was to be constructed in three phases, known as Phase I, Phase II and Phase III. Appellee, American Roofing Company, Inc., was a subcontractor responsible for the construction of the roofs on Phase II of the project. Appellee Triangle Industries, Inc. was a subcontractor engaged to install the gutters in the buildings in Phase III of the project.

Phase I was completed in 1971, and Phase II was "substantially" completed that same year. Phase III was completed in 1973. Sometime in 1973, the appellants first discovered water leakage problems with the roofing and ceilings of the apartments in Phases I and II. The appellants employed a consultant to determine the cause of the leakage problems. He reported that the roofs were improperly designed and constructed, causing the water to stand on the roofs. In May, 1975, the appellants discovered that almost all of the gutters in Phase III had rusted away or suffered severe rusting. Investigation revealed that the gutters were not of the required thickness and had not been painted.

The initial action in this case against appellees, Cox & Crawley, Inc., Bickel-Gibson Associates Architects, Inc., and American Roofing Company, Inc., was filed by appellant on December 1, 1976. Appellant did not designate appellee, Triangle Industries, as an original defendant, but on August 30, 1979, filed an amended complaint against them. In the complaint and amended complaint, the appellants sought damages totalling $298,997.74 resulting from the defects in the apartment buildings, and alleging negligent construction, planning, design and supervision of Village West and breach of implied warranty or merchantability with respect to the planning, design, construction and supervision used in construction of said apartment units.

On February 21, 1980, the appellants' complaint pertaining to the construction of Phases I and II was dismissed with prejudice as being barred by the limitation of actions found in K.R.S. 413.135(1). All claims against Triangle Industries were dismissed as also being barred by K.R.S. 413.-135(1). On February 28, 1980, the appellants made a motion to set aside the judgment of the trial court on several grounds, one of which was the constitutionality of K.R.S. 413.135. On June 22, 1981, the trial court overruled the appellants' motion to set aside the judgment. This appeal followed. We affirm.

The statute which is challenged by the appellants in this case is set out below:

413.135. Actions for damages arising out of injury resulting from construction of improvements to real estate. (1) No action to recover damages, whether based upon contract or sounding in tort, resulting from or arising out of any deficiency in the design, planning, supervision, inspection or construction of any improvements to real property, or for any injury to property, either real or personal, arising out of such deficiency, or for injury to the person or for wrongful death arising out of any such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, inspection or construction of any such improvement after the expiration of five (5) years following the substantial completion of such improvement.

In challenging the constitutionality of the above statute, the appellants rely almost exclusively on the case of *Volpert v. Sycamore Estates,* reported in 28 Ky.Law Summ. 12, in which the statute was found to be unconstitutional. However, in May, 1982, the Supreme Court of this Commonwealth reversed that holding. The Supreme Court held that K.R.S. 413.135 is constitutional. *See Ball Homes, Inc. v. Volpert,* Ky., 633 S.W.2d 63 (1982). Therefore, the trial court was correct in applying the limitations to this case, and did not err in dismissing the complaints as being barred.

The appellants also argue that a cause of action does not accrue under a statute of limitations until the discovery of the injury. However, since we have found that K.R.S. 413.135 is constitutional, the language in that statute is controlling: "No action ... shall be brought ... after the expiration of five (5) years following the *substantial completion ....*" (Emphasis added.) Accordingly, the appellants' contentions regarding the "discovery rule" are without merit.

The appellants' final argument is that even if the statute is constitutional, the trial court erred by not applying K.R.S. 413.135(5) properly. K.R.S. 413.135(1) requires, as stated previously, suit to be brought within five years following "substantial completion." Substantial completion is further defined in section 5 of the same statute:

... '[S]ubstantial completion' shall be construed to mean the date upon which the owner of the structure, project or facility first entered upon the occupancy or commenced the use thereof.

There was in evidence at the trial court a contract document styled "Certificate of Substantial Completion" which provided that:

The work performed under this Contract has been reviewed and found to be substantially complete. The Date of Substantial Completion is hereby established as 30 November, 1971 ....

This document was signed by the appellants. The appellants had the opportunity to question the date at the time of the signing. As they did not, they are now bound by the contractual statement. The trial court properly determined the date of substantial completion as being November 30, 1971.

For the reasons set forth above, the decision of the trial court is hereby affirmed.

LESTER, J., concurs.

GUDGEL, J., concurs in part and dissents in part.

GUDGEL, Judge, concurring in part, dissenting in part:

I do not agree with the majority that *Ball Homes, Inc. v. Volpert, supra,* holds that K.R.S. 413.135 is constitutional in all respects. In fact, Justice Palmore stated in the *Ball Homes* case that, if a right of action for the type of negligence sued on exists when a questioned limitations statute is enacted, Sections 14, 54 and 241 of the Kentucky Constitution prevent the statute from being applied to defeat any such claim prior to the time it comes into existence. Moreover, in *Ball Homes,* the only claim asserted was for breach of implied warranty, and the court's holding was limited to a determination that there was no constitutional impediment to applying the statute because actions for breach of implied war-

ranty against a vendor of real estate were not recognized by our courts until two years *after* K.R.S. 413.135 was enacted. Therefore, while I agree that *Ball Homes* is dispositive as to the issue of whether the statute was constitutionally applied to appellants' claim for breach of implied warranty in the instant action, I must dissent from the majority to the extent that they also hold that *Ball Homes* is dispositive of the issue of whether K.R.S. 413.135 defeats appellants' tort claim for damages for negligent construction because *Saylor v. Hall,* Ky., 497 S.W.2d 218 (1973), holds that such a cause of action existed prior to the enactment of K.R.S. 413.135.

The actual issue before us, as I see it, is whether the protection afforded by the holding in *Saylor v. Hall, supra,* is limited to tort actions for negligent construction which cause personal injury. If *Saylor v. Hall, supra,* is not so limited, then we should hold that the court unconstitutionally applied K.R.S. 413.135 to bar appellants' tort claim for property damages.

I have expressed my views on this issue previously in a dissenting opinion in a case which the Supreme Court chose to decide on other grounds. It is my view that *Saylor v. Hall, supra,* squarely holds that K.R.S. 413.135 may not be constitutionally applied to destroy *any* action for negligent construction before the action exists, and that such an action does not exist until the actor's negligent conduct has actually produced loss or damage. In the case at bar, no loss or damage was incurred by appellants before water leakage problems developed in 1973. Accordingly, because all of appellants' claims for negligent construction were commenced within five years of the first date upon which a cause of action existed, I believe the court erred in applying the statute. Thus, I would reverse that portion of the court's judgment which adjudges that appellants' claims for negligent construction are barred by K.R.S. 413.135.