In re BEVERLY HILLS FIRE
LITIGATION.

Civ. No. 77–79.

United States District Court,
E.D. Kentucky,
Catlettsburg Division.

Jan. 4, 1984.

Stanley M. Chesley (argued), White,
Schneider, Bayless & Chesley, Cincinnati,
Ohio (Philip Taliaferro, III, Larry C. West,
J. Gregory Wehrman, William D. Hillmann,
G. Wayne Bridges, Covington, Ky., Thomas
C. Spraul, Spraul & Reyering, Gene I.
Mesh, Louis F. Gilligan and Lanny R. Holbrook, Keating, Muething & Klekamp, Walter Bortz, Beall, Hermanies & Bortz, Cincinnati, Ohio, E. Andre Busald, Florence,
Ky., Richard M. Hunt, Dayton, Ohio, on
brief; Fay E. Stilz, Cincinnati, Ohio, of
counsel), for plaintiffs-appellants, cross-appellees Mary Elizabeth Kiser, et al.

Jacob K. Stein (argued), Paxton & Seasongood, Cincinnati, Ohio, for Square D Co.
and Slater Elec. Co.

Charles S. Cassis, Brown, Todd & Heyburn, Louisville, Ky., for Bryant Elec.

John David Cole, Cole, Harned & Broderick, Bowling Green, Ky., for Southwire and
Triangle PWC.

Louis DeFalaise, Adams, Brooking &
Stepner, Covington, Ky., for Columbia Cable & Elec. Corp.

Robert C. Ewald, Wyatt, Grafton &
Sloss, Louisville, Ky., for Reynolds Metals.

James Wiles, Wiles, Doucher, Tressler &
Van Buren, Columbus, Ohio, for American
Insulated Wire, Leviton and Rhode Island
Insulated Wire.

Lee O. Fitch, Miller, Searl & Fitch, Portsmouth, Ohio, for Hatfield Wire.

William V. Johnson, Johnson, Cusack & Bell, Ltd., Chicago, Ill., for Marmon Group, Inc.

William T. McCracken, Crabbe, Brown, Jones, Potts & Schmidt, Columbus, Ohio, for General Elec.

W. Andrew Patton, Kohnen & Kohnen, Cincinnati, Ohio, for John I. Paulding.

C. Alex Rose, Curtis, Rose & Parker, Louisville, Ky., for Pass & Seymour.

## MEMORANDUM OPINION AND ORDER

WILHOIT, District Judge.

This case is on remand from the Sixth Circuit Court of Appeals. The Sixth Circuit reversed because a juror in the first trial of this case conducted impermissible experimentations during deliberations. The Sixth Circuit's opinion also addressed the defendants' cross-appeal of the first trial judge's denial of summary judgment based on Kentucky's "no-action" statute, KRS § 413.135.

The Sixth Circuit agreed with the defendants that the no-action statute would bar the plaintiffs' action, but *tentatively* held, based on its reading of *Saylor v. Hall*, 497 S.W.2d 218 (Ky.1973), that a Kentucky court would treat the statute as unconstitutional, on the facts presented herein, by virtue of Kentucky Constitutional sections 14, 54 and 241. *See In Re Beverly Hills Fire Litigation*, 695 F.2d 207, 227 (CA 6 1982). The Sixth Circuit opinion was careful to point out that Kentucky Law was unclear on the constitutionality of the no-action statute at the time of its decision, and that if a *definitive* Kentucky case should be rendered on point, the new case should be followed. Indeed, the Court explicitly said in that portion of its opinion dealing with the petition for hearing:

[W]e again suggest that the question remains open for any further decision of Kentucky's highest court which would authoritatively dictate a contrary result as a matter of state law. *See In Re:*

*Beverly Hills Fire Litigation, supra,* at 226–227.

*Id.* at 228.

The defendants have here renewed their original motion for summary judgment based upon Kentucky's no-action statute, KRS § 413.135. They cite to this Court the recent case of *Carney v. Moody*, 646 S.W.2d 40 (Ky.1983), as controlling law.

·Plaintiffs counter that the *Carney* decision was before the Sixth Circuit on rehearing and was implicitly rejected by that Court in its opinion. They suggest further that, in any event, the statute, if constitutional under Kentucky's law, is unconstitutional by virtue of the equal protection clause of the fourteenth amendment. They have thus raised a federal constitutional ground for striking the statute.

Happily, this Court may not have to decide this federal constitutional question because the state law question could very well be determinative. Moreover, the recent amendment of Kentucky civil rules of court, CR 76.37, permits this Court to certify determinative questions of state law to the Kentucky Supreme Court when there appears to be no controlling state law precedent.

The Court recognizes that there are several recent Kentucky precedents dealing with the constitutionality of the no-action statute. *See, e.g., Fireman's Fund Insurance Co. v. Government Employee's Ins. Co.*, 635 S.W.2d 475 (Ky.1982); *Ball Homes, Inc. v. Volpert*, 633 S.W.2d 63 (Ky. 1982); *Carney v. Moody*, 646 S.W.2d 40 (Ky.1983); *Housing Now-Village West v. Cox & Crawley*, 646 S.W.2d 350 (Ky.App. 1982). However, the Court can see potential distinctions in all of these cases. Moreover, *Saylor v. Hall, supra,* has not been expressly overruled in any one of the aforementioned cases. Therefore, the Court concludes that there is not controlling precedent on this issue in Kentucky. Indeed, Judge Gudgel's dissent in *Housing Now-Village West* amply demonstrates that at least some Kentucky appellate justices think *Saylor* has continued viability.

*See Housing Now-Village West,* 646 S.W.2d at 352–53.

■ The Court does not agree with the plaintiffs' suggestion in their supplemental memorandum that the defendants waived any ability to question the Sixth Circuit's tentative conclusion of the unconstitutionality of the no-action statute by failing to raise it in a petition for certiorari to the United States Supreme Court or to request the Kentucky Supreme Court for a certification of law. The Court does not read the applicable rules as making it a duty to exercise these various procedural avenues or forever be bound, especially when the Sixth Circuit's opinion was expressly *tentative.* As to the failure to pursue certification of the legal issue presented herein, the Court notes that while this case was pending before the Sixth Circuit, *both* parties could have requested certification; moreover, the Sixth Circuit could have requested such on its own motion. *See* CR 76.37 (1983 version).

■ As mentioned earlier, as of January 1, 1984, not only is the Sixth Circuit authorized to certify determinative questions of state law to the Kentucky Supreme Court, but district courts became similarly authorized. *See* CR 76.37(1) (1984).[1] Because this Court views the constitutionality of the no-action statute in this case as determinative, and because the Court concludes there is no controlling Kentucky precedent applicable to these facts, the Court believes a certification of this issue to the Kentucky Supreme Court would be appropriate.

The Court has considered several factors in its decision to certify. First, we do not want to unnecessarily hold a long, drawn-out trial that would require an enormous expenditure of time and money to the parties, as well as, the Court, when the question of the validity of the no-action statute could be dispositive of most, if not all, of the issues in this case. Secondly, the Court does not want to address the federal constitutional question, raised by the plaintiffs

regarding the validity of the no-action statute under the equal protection clause, when such a determination would be altogether avoided upon a finding that the no-action statute is unconstitutional by virtue of state law. *Cf. Elkins v. Moreno,* 435 U.S. 647, 660–61 & n. 12, 98 S.Ct. 1338, 1346–47 & n. 12, 55 L.Ed.2d 614 (1978); *see also Railroad Commission v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

Finally, the Court recognizes that the question of the validity of a Kentucky statute by virtue of the Kentucky Constitution is a matter of utmost concern to Kentucky and its courts should be allowed, in the first instance, to make a definitive ruling on that question when there exists an efficient method to answer it. *Cf. Elkins, supra,* 435 U.S., at 662–63 n. 16, 98 S.Ct., at 1347–48 n. 16.

Accordingly, IT IS HEREBY ORDERED AS FOLLOWS:

(1) The question concerning the constitutionality of the no-action statute, KRS § 413.135, is CERTIFIED pursuant to CR 76.37 (1984), to the Kentucky Supreme Court as a determinative question in this litigation and a question as to which there is no controlling or dispositive Kentucky precedent;

(2) In accordance with the form for certifying a question of law as set out in CR 76.37(3), the Court states as a part of this Order the following:

(a) The question of law certified:

"Is KRS § 413.135 unconstitutional as applied to facts of this case by virtue of Kentucky Constitution §§ 14, 54 and/or 241?"

(b) The relevant facts and the nature of the controversy in which this question arose:

"This is a class action tort suit involving a fire that destroyed the Beverly Hills Supper Club in Southgate, Kentucky on the evening of May 28,

---

**1.** Effective January 1, 1984, CR 76.37(1) was amended to include the district courts among the various courts to have the power to certify questions of law to the Kentucky Supreme Court. CR 76.37(1)–(2).

1977. One hundred and sixty-five (165) people were killed in the fire, and numerous others were injured.

The Supper Club was substantially rebuilt in 1970 and 1971 following a previous fire in 1970. No significant improvements were made to the Supper Club since that time. If controlling, section 413.135 would bar any claim resulting from allegedly defective materials installed before June 2, 1972, five years before the first complaint was filed. Numerous complaints were filed by several plaintiffs against several defendants following June 2, 1977. Because those complaints were filed later, those suits would similarly be barred if the statute is constitutional."

For a more detailed discussion of the facts of this case, the Court incorporates the Sixth Circuit opinion located at *In Re Beverly Hills Fire Litigation,* 695 F.2d 207 (CA 6 1982), by reference.

(c) The names of each appellant and appellee:

As pointed out in the facts, this is a class action involving many plaintiffs, and many defendants; a detailed listing of the names of the members of the class and of the party defendants will be forthcoming to the Kentucky Supreme Court as an addendum to this Order.

(d) The names and addresses of counsel for the parties:

Plaintiffs' Lead Counsel Committee includes:

STANLEY M. CHESLEY
WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.
1318 Central Trust Tower
Cincinnati, Ohio 45202
LOUIS F. GILLIGAN
KEATING, MUETHING & KLEKAMP
1800 Provident Tower
Cincinnati, Ohio 45202
WILLIAM D. HILLMANN
Forward America Building

120 E. Second St.
Covington, Kentucky 41011
THOMAS C. SPRAUL
SPRAUL & REYERING
505 Gwynne Building
Cincinnati, Ohio 45202
Counsel for Defendant, Bryant Electric Company, as well as counsel for all unsettled defendants includes:
BROWN, TODD & HEYBURN
Charles S. Cassis
Mark R. Feathers
1600 Citizens Plaza
Louisville, Kentucky 40202
WYATT, TARRANT & COMBS
Robert C. Ewald
2600 Citizens Plaza
Louisville, Kentucky 40202

(3) Upon the filing of this Order, the Clerk of this Court shall forward this Order to the Supreme Court of Kentucky under this Court's official seal and send copies to all parties' counsel of record.