Allen BROWN, Appellant,

v.

Donald T. NEEL, Appellee.

No. 89–CA–2064–MR.

Court of Appeals of Kentucky.

Nov. 16, 1990.

Helene Gordon Williams, Louisville, for appellant.

Laura P. Moore and James F. Williamson, LaGrange, for appellee.

Before GUDGEL, LESTER and WILHOIT, JJ.

GUDGEL, Judge:

This is an appeal from a summary judgment granted by the Oldham Circuit Court. Appellant contends that the trial court erred by dismissing his action on the ground that it is barred by the amended version of KRS 413.135, a "no-action" statute relating to improvements to real property which was first enacted in 1966. On appeal, appellant argues that the amended version of KRS 413.135 violates sections 14, 51, 54, 59 and 241 of the Kentucky Constitution. We disagree with all of appellant's contentions. Hence, we affirm.

On September 19, 1978, Allen Brown purchased a new home in Oldham County from builder Donald Neel for the sum of $59,-000. Some nine years later, Brown became aware of significant items of deterioration in the house. On March 24, 1988, Brown

filed an action against Neel alleging that his house had been constructed in a negligent, defective and unworkmanlike manner and that the cost to remedy the defects would exceed $26,000. Neel defended against the action on the ground that it was barred by the provisions of KRS 413.135 and KRS 413.120. Although the attorney general was notified by Brown that he would challenge the constitutionality of KRS 413.135, the attorney general declined an opportunity to intervene in the action.

On September 18, 1989, the court granted a summary judgment dismissing the action on the ground that it was barred by KRS 413.135. As amended in 1986, this statute provides that no action may be brought to recover damages arising out of the construction of any improvement to real property after the expiration of seven years following the substantial completion of the improvement. The court also adjudged that even though the defects may have been latent for more than seven years, the action was nevertheless barred by KRS 413.135. *Housing Now–Village West v. Cox & Crawley*, Ky.App., 646 S.W.2d 350 (1982). This appeal followed.

■ First, appellant contends that the 1986 general assembly did not correct the deficiencies which led the supreme court to hold in *Tabler v. Wallace*, Ky., 704 S.W.2d 179 (1985), *cert. denied*, 479 U.S. 822, 107 S.Ct. 89, 93 L.Ed.2d 41 (1986), that KRS 413.135 was violative of section 59(5) of the Kentucky Constitution. We disagree. In *Tabler* the court held that the pre–1986 version of KRS 413.135 violated section 59(5) because the general assembly did not have a rational justification for conferring immunity from liability only on those engaged in the design and construction of real estate improvements while not conferring immunity on others similarly situated, such as products manufacturers and suppliers. In 1986, following the *Tabler* decision, KRS 413.135(1) was amended to read as follows:

(1) No action to recover damages, whether based upon contract or sounding in tort, resulting from or arising out of any deficiency in the *construction com-*

*ponents,* design, planning, supervision, inspection or construction of any improvement to real property, or for any injury to property, either real or personal, arising out of such deficiency, or for injury to the person or for wrongful death arising out of any such deficiency, shall be brought against any person [~~performing or furnishing the design, planning, supervision, inspection or construction of any such improvement~~] after the expiration of *seven (7)* [~~five (5)~~] years following the substantial completion of such improvement.

We conclude that KRS 413.135, as amended in 1986, no longer violates section 59(5) because it now applies to all persons within the class covered by the statute. Under the amended statute, there is no longer any distinction made between those who provide goods and those who provide services. In short, it does not offer any protection to architects and builders which is not also offered to manufacturers and suppliers. As a result, the sole constitutional deficiency found to exist in *Tabler* has been eliminated. It follows that the amended statute is not unconstitutional on the ground that it violates section 59(5).

Next, appellant argues that the court violated sections 14, 54 and 241 of the Kentucky Constitution by applying the amended version of KRS 413.135 to bar his claim. Again, we disagree.

The question of whether KRS 413.135 violates sections 14, 54 and 241 was first addressed in *Saylor v. Hall*, Ky., 497 S.W.2d 218 (1973), a negligence action brought by lessees against a builder to recover for the wrongful death and personal injuries of their children resulting from the collapse of a fireplace. The supreme court held in *Saylor* that KRS 413.120(14), another statute aimed at limiting the liability of those involved in the construction industry, and KRS 413.135 could not be applied to bar the lessees' claims:

In our view the application of these statutory expressions to the claims here asserted destroys, pro tanto, a common-law right of action for negligence that proximately causes personal injury or

death, which existed at the times the statutes were enacted.

*Id.* at 224. However, the court's holding in *Saylor* was that the statute could not be *constitutionally applied,* not that the statute was per se unconstitutional.

The constitutionality of KRS 413.135 was next challenged in *Ball Homes, Inc. v. Volpert,* Ky., 633 S.W.2d 63 (1982), a breach of implied warranty action brought by purchasers of a new home against the builder for damages caused by a fire allegedly resulting from a defect in the electrical wiring system. The court held that the statute could be constitutionally applied in that situation because it involved a claim for breach of implied warranty, and the right to maintain that type of action did not exist until the rule of caveat emptor was expressly rejected in *Crawley v. Terhune,* Ky., 437 S.W.2d 743 (1969), three years after KRS 413.135 was enacted.

Some six months after the *Ball Homes* decision, our supreme court was again presented with the question of whether KRS 413.120(14) and KRS 413.135 could be constitutionally applied. In *Carney v. Moody,* Ky., 646 S.W.2d 40 (1982), the court held that the statutes could be constitutionally applied even though the court found that the "factual distinction" between *Saylor* and *Carney* was "without legal significance." *Id.*

The problem with the *Saylor* opinion as a precedent in this case is that it did not discuss or decide the question of whether the facts would have given rise to a legal cause of action not only when the statutes of limitation were enacted in 1964 and 1966, but also when the Constitution was adopted in 1891.

*Id.* at 41. The court concluded that actions based on builder negligence were not maintainable when the constitution was adopted in 1891, and hence, that the statutes in question could be constitutionally applied to bar the plaintiff's action.

The next constitutional challenge to KRS 413.135 came in *Tabler, supra.* However, the court did not address the constitutional question raised in *Saylor* and *Carney,* merely noting instead that these cases were inconsistent. Stating that "[w]e need not write Chapter Three to *Saylor v. Hall* and *Carney v. Moody,"* the court then shifted to an inquiry under section 59(5) to determine "whether the general assembly had a rational justification for creating a special class and conferring special privileges and immunity on that class." 704 S.W.2d at 187.

■ Here, Brown's claim was based upon breach of an implied warranty accompanying the sale of a new residence. Because a cause of action for breach of implied warranty was first recognized in 1969, in *Crawley, supra,* it clearly did not exist at the time KRS 413.135 was first enacted in 1966, nor in 1891 when our constitution was adopted. Hence, the statute can be constitutionally applied to appellant's action. *Ball Homes* and *Carney, supra.* Moreover, to the extent that *Saylor* conflicts with *Ball Homes* and *Carney* regarding whether Brown's right to bring an action only had to be in existence prior to the time the 1986 statute was enacted rather than prior to 1891, we feel compelled to follow *Ball Homes* and *Carney* because they appear to effectively overrule *Saylor* on this point and because they are the most recent cases decided by our supreme court.

Moreover, the supreme court's recent decision in *McCollum v. Sisters of Charity of Nazareth Health Corporation,* Ky., 799 S.W.2d 15 (1990), an analogous case, does not compel a different conclusion. Indeed, in *McCollum* the court reaffirmed its position that the inquiry to determine whether a given statute of repose may be constitutionally applied to bar a particular cause of action in light of sections 14, 54 and 241 must focus on whether the cause of action affected by the statute had become established prior to the adoption of the 1891 constitution. Further, the court cited *Carney, supra,* with approval. Therefore, the holding in *McCollum* clearly supports our decision in the instant action.[1]

---

1. We express no opinion, however, as to whether the amended version of KRS 413.135 may be

■ Finally, we note the fact that the deterioration in appellant's house was not discovered for some nine years after the house was completed did not serve to extend the limitations period as KRS 413.135 does not provide for a "discovery rule." *See Housing Now–Village West, supra.*

Next, appellant argues that KRS 413.135 violates section 51 of our constitution which provides that no law shall relate to more than one subject and that the subject shall be expressed in the title. As enacted in 1966, the title of the act was as follows:

> AN ACT relating to the Statutes of Limitations governing the bringing of certain types of actions for wrongful death, personal injuries or damage to real or personal property, and creating a new section of Kentucky Revised Statutes, Chapter 413.

Acts 1966, Ch. 246, SB 179. Although the court in *Tabler, supra,* stated that the above title "serves more to conceal than to reveal the nature of the act," the court stopped short of deciding whether KRS 413.135 violated section 51 since *Tabler* was decided under section 59(5). 704 S.W.2d at 184.

When the statute was amended in 1986, the title of the act was modified somewhat. While still stating that it is an act relating to limitations of actions, the following sentence relating to its purpose was added:

> AN ACT relating to limitations of actions.
>
> WHEREAS, without protection by a statute of limitations there will be a chilling effect on the contributions of builders, architects, engineers, suppliers, manufacturers and materialmen to the state's economy;

Act 1986, Ch. 479, HB 543.

Our supreme court stated in *Com. Ex. Rel. Armstrong v. Collins,* Ky., 709 S.W.2d 437, 443 (1986), that "Ky. Const. Sec. 51 has always been liberally construed, with all doubts being resolved in favor of the validity of the legislative action." Moreover, the court stated that "[t]he title need only furnish general notifi-

cation of the general subject in the act. If the title furnishes a 'clue' to the act's contents, it passes constitutional muster. *Talbott v. Laffoon,* 257 Ky. 773, 79 S.W.2d 244 (1935)." *Id.*

In the more recent case of *Sweasy v. King's Daughters Mem. Hosp.,* Ky., 771 S.W.2d 812 (1989), however, the supreme court construed section 51 more strictly. Without overruling *Armstrong,* the court held in *Sweasy* that it could not uphold a statute simply because it has some public benefit. Moreover, the court cautioned that constitutional provisions are to be enforced according to the letter and spirit. *Id.* at 816.

The dissent of Justice Vance in *Sweasy* explains the quandary created by the two different standards used in *Armstrong* and *Sweasy.* "The majority opinion does not, however, overrule *Armstrong v. Collins,* and we are left, in any particular case, to follow either the relaxed standard of *Armstrong v. Collins* or the stricter standard adhered to in this case and in *McGuffey v. Hall* [Ky., 557 S.W.2d 401 (1977)] *supra,* without expressing any reason for our basis." *Id.* at 818 n. 1.

■ Unlike the situation in *Sweasy,* we are of the opinion that the title to the 1986 act adequately sets forth the subject of the act. While we acknowledge that KRS 413.-135 is a statute of repose rather than what we traditionally call a statute of limitations, it nevertheless does place a limitation on the right to file an action. The title to the act clearly states that the act relates to a limitation on the bringing of an action and that this immunity applies to persons in the construction industry. We thus hold that KRS 413.135 is not violative of section 51.

The court's judgment is affirmed.

All concur.

---

constitutionally applied to bar a negligence claim for property damage, for personal inju-

ries, or for wrongful death. *See Tabler, supra,* at 187; *McCollum, supra,* at 18.