**COMMONWEALTH of Kentucky, Department of Highways, ex rel. M. W. TINDER, Com'r, et al., Appellant,**

v.

**John WERNER et al., Appellee.**

Court of Appeals of Kentucky.

June 3, 1955.

John C. Talbott, Bardstown, for appellant.

T. C. Carroll, Shepherdsville, for appellee.

MOREMEN, Judge.

Counsel have skillfully presented this case under CR 76. The appeal by the Commonwealth of Kentucky and others is from a judgment of the Bullitt Circuit Court wherein the moratory provision of KRS 177.087 was declared unconstitutional and void. This statute, which is part of the chapter dealing with state and federal highways, limited access highways, and turnpikes, provides in substance that the condemnor or condemnee may, upon motions supported by affidavits, have a jury trial pertaining to the condemnation deferred for a period of two years or until such time as the road is completed, whichever time is shorter. The trial court held these provisions were in violation of sections 2, 13, 14 and 26 of the Kentucky Constitution.

Section 2 of the Constitution postulates a principle idyllic in conception, but we find no reason to repeat its sustaining thought here.

Section 13 provides that a person's property shall not be taken or applied to public use without just compensation having been previously made to him.

Section 14 reads:

"All courts shall be open, and every person having injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay."

Section 26 is as follows:

"To guard against transgression of the high powers which we have delegated, we Declare that every thing in this Bill of Rights is excepted out of the general powers of government, and shall forever remain inviolate; and all laws contrary thereto, or contrary to this Constitution, shall be void."

■ The main question we have for determinaton is whether that part of KRS 177.087, which provides a method of deferring a trial for two years, violates the guarantee of Section 14 of the Constitution to have justice administered without delay. Questions of moratoria and replevins have long been of deep interest to this court. In fact, the decision in several cases, including Blair v. Williams, 14 Litt. 34, and Lapsley v. Brashears, 4 Litt. 47, 14 Ky. 47, which held unconstitutional an act of the legislature permitting a stay of two years on the debtor giving bond and security unless the creditor endorsed on his execution a willingness to accept notes on the Bank of Kentucky or the Bank of the Commonwealth of Kentucky—nearly destroyed this court. See Stickles, "The Critical Court Struggle in Kentucky," page 38, et sequi, and note the quotation from George Robertson's Scrap Book: "As was foreseen, those decisions produced very great exasperation and consequent denunciation of the court. The Judges were charged with arrogating supremacy over the popular will—their authority to declare void any act of the Legislature was denied, and they were denounced by the organs and stump orators of the dominant relief party as usurpers and self-made kings. No popular controversy, waged without bloodshed, was ever more absorbing or acrimonious than that which raged, like a hurricane, over Kentucky for about three years succeeding the promulgation of those judicial decisions."

Some years later this court, and after the "hard money" fight had subsided, in Johnson v. Higgins, 60 Ky. 566, and Barkley v. Glover, 61 Ky. 44, held that Section 14 of the Constitution was a limitation on the judicial branch of the government and not a limitation on the legislative branch, and that it prohibited the courts from arbitrarily delaying or denying to its citizens the administration of justice, but constituted no limitation upon the legislature in formulating procedural methods to be used by the courts.

We believe the trial court correctly analyzed these cases and adopted from his opinion the following: "While the Johnson and Barkley cases dealt with an act which provided for a delay of about one year in the right of a creditor to enforce an obligation in any court specified by the act, it was there contended, as here, that the delay provision amounted to a denial of justice and was antagonistic to Section 14 of the Constitution. The Court of Appeals held in part: 'Nor do we think that Section 15 of article 13 (now section 14) of The State Constitution, supra, has been violated by the section of the act in question. * * * The terms and import of this provision show that it relates altogether to the judicial department of the government, which is to administer justice "by due course of law" and not to the legislative department by which such "due course" may be prescribed.' (Court's parenthesis.) It does not appear to the

216

Court that a construction of the relation of Section 26 of the Constitution to Section 14 was discussed or decided, and while it must be conceded that Section 14 is not a limitation on the legislature to define 'due course of law,' it seems to the Court that Section 26 of the Constitution does provide a limitation on the powers of the legislature to enact laws which are in contravention of the plain provisions of Section 14. It is difficult for this Court to see in the light of the plain provisions of Sections 14 and 26 how the legislature could nullify the constitutional guarantees contained in Section 14."

This court reached the same conclusion in Ludwig v. Johnson, 243 Ky. 533, 49 S.W. 2d 347, 351, where it was said:

"In Johnson v. Higgins, 3 Metc. 566, and also in Barkley v. Glover, 4 Metc. 44, it is said in effect that section 14 of our Constitution is a restriction on the judicial, and not on the legislative, branch of government, but this observation was unnecessary in the decision of those cases, and is clearly unsound in view of section 26 of our Constitution, which is the concluding section of the Bill of Rights, and which reads: 'To guard against transgression of the high powers which we have delegated, We Declare that everything in this Bill of Rights is excepted out of the general powers of government, and shall forever remain inviolate; and all laws contrary thereto, or contrary to this constitution, shall be void.'"

We conclude, as did the trial court, that section 14, when construed in the light of section 26, prohibits the legislature from invading the province of the judiciary and that the prohibition of section 14 applies to the legislative branch of the government as well as to the judicial. So much of KRS 177.087 as provides for an unusual and unnatural delay is unconstitutional.

Judgment affirmed.