FARMERS BANK AND TRUST COMPANY OF BARDSTOWN, Administrator of the Estate of Mary Bernice O'Daniel, Deceased, and Joseph Anthony O'Daniel, Movants,

v.

Russell R. RICE, M.D. and Starr, Solomon, Oldham and Bryant, P.S.C., Respondents.

Supreme Court of Kentucky.

May 31, 1984.

Petitions for Rehearing and Modification Denied Sept. 13, 1984.

Theodore L. Mussler, Jr., Paul K. Murphy, Murphy, Mussler & Marks, Alan N. Leibson, Louisville, for movants.

James G. Apple, Rebecca F. Schupbach, Stites & Harbison, Louisville, for respondents.

GANT, Justice.

Decedent, Mary Bernice O'Daniel, sought treatment from respondent, Russell R. Rice, on May 23, 1979, for a lump on her breast. Dr. Rice diagnosed the problem as mastitis, and advised Mrs. O'Daniel to return in six months. Within about three months the problem became more acute and, on September 19, 1979, Mrs. O'Daniel underwent a modified radical mastectomy, an abdominal hysterectomy and a bilateral salpingo-oophorectomy, which operations were necessitated by a cancerous condition. For a period in excess of two years follow-

ing the operation, she received radiation treatments and chemotherapy until, at some point in late 1980, tests indicated that the cancer was in remission. In May, 1981, Mrs. O'Daniel was discovered to have cancer of the brain and lungs, and this action for medical malpractice was brought on July 15, 1981, some 26 months after the alleged misdiagnosis and 19 months after the operations in September, 1979.

Mrs. O'Daniel died in September, 1981, the movant Bank being appointed administrator of her estate and substituted for her in the malpractice action. In that action, the movant Joseph Anthony O'Daniel had also joined to claim loss of consortium. Additionally, in November 1981, the Bank filed a wrongful death action under KRS 411.130. On motion for summary judgment, founded on the statute of limitations, the trial court dismissed both the malpractice action and the wrongful death action, that being affirmed by the Court of Appeals.

## MALPRACTICE ACTION

■ We affirm the trial court and the Court of Appeals in the summary judgment dismissing the actions for malpractice and loss of consortium as being barred by the statute of limitations found in KRS 413.-140(1)(e) and (2), which read:

Actions to be brought within one year.

(1) The following actions shall be commenced within one (1) year after the cause of action accrued: ...

(e) An action against a physician, surgeon, dentist or hospital licensed pursuant to KRS chapter 216 for negligence or malpractice.

Although movants contend that the date from which the statutory time accrues is within the province of the jury, the facts of this case dispel that contention. It is undisputed that the deceased underwent a series of operations on September 19, 1979, as a result of which cancer was discovered. Thus, it cannot be seriously contended that the deceased did not know, or reasonably should not have known, of the misdiagnosis which is the basis of this action.

We are also not persuaded that the fact that the cancerous condition went into remission and then reappeared constituted a new discovery which would revive the cause of action. Although the full extent of the alleged injury or malpractice may not have become totally apparent until the reappearance, the alleged medical negligence was discovered, or should reasonably have been, on September 19, 1979. *Cf. Conway v. Huff,* Ky., 644 S.W.2d 333 (1982); *Louisville Trust Co. v. Johns-Manville Products,* Ky., 580 S.W.2d 497 (1979); *Hackworth v. Hart,* Ky., 474 S.W.2d 377 (1971), and *Tomlinson v. Siehl,* Ky., 459 S.W.2d 166 (1970).

## WRONGFUL DEATH ACTION

■ We reverse the Court of Appeals in its opinion that the wrongful death action was properly dismissed by the trial court, and remand that action back to the Jefferson Circuit Court for trial consistent herewith. In its summary judgment, the trial court held: "In order for there to be an action for wrongful death, there must have been a viable action [for personal injury or malpractice] at the time of death." This is directly contrary to the holding of this court in *Louisville & N.R. Co. v. Simrall's Adm'r.,* 127 Ky. 55, 104 S.W. 1011 (1907), and would overrule that case, a luxury which neither the trial court nor the Court of Appeals is allowed.

The Court of Appeals attempted to distinguish this case by stating that in *Simrall's Adm'r., supra,* no action had been filed during the lifetime of the decedent. We are unable to comprehend the difference between no action and one barred by the statute of limitations. Additionally, an action for wrongful death would be proper even though a previous action for personal injury or medical negligence had been validly filed.

The history of these separate actions directs that they follow equally separate paths. Personal injury is a common law tort and medical negligence is but one branch of that well traveled road. Wrong-

ful death, however, was unknown at common law and came into being through Kentucky Constitution Sec. 241 and by KRS 411.130 and others. A concise statement of this separation appears in *Marks v. Rissinger*, 35 Cal.App. 44, 169 P. 243 (1917), in which the court stated:

> Our law ... giving the personal representative of a deceased person a right of action for his death, wrongfully produced through the act of another, was not known to the common law. It is purely a statutory right—a right with which, very clearly, the person for whose death the action may be maintained could possibly have no concern. It should not be necessary to say that the right does not, and in the very nature of things could not under any possible view, exist during or in the lifetime of the person wrongfully injured; for the very fact of his death from wrongful violence at the hands of another itself and alone creates or establishes the foundation for the exercise of the right to sue ....

The general rule is set out in W. Prosser, *Law of Torts* (4th Ed.1971), § 127, *Wrongful Death:*

> As to the defense of the statute of limitations ... the considerable majority of the courts have held that the statute runs against the death action only from the date of death, even though at that time the decedent's action would have been barred while he was living. Only a few courts hold that it runs from the time of the original injury, and consequently that the death action may be lost before it ever has accrued.

We elect to continue in the "considerable majority" and to reaffirm our holding in *Louisville & N.R. Co. v. Simrall's Adm'r., supra,* that the statute of limitations for wrongful death actions runs from the death of the decedent, even though there was no viable action for personal injury or medical negligence or malpractice at the time of death.

On remand, the trial court must be furnished with the perimeters of damages for which recovery may be had. Those damages shall be consistent with the statement in *Kohler v. St. Joseph Hospital,* 69 Ohio St.2d 477, 432 N.E.2d 821 (1982), in which the court indicated that the wrongful death action begins where the personal injury action ends, making it "not a double recovery for a single wrong but a single recovery for a double wrong." Again, *Simrall's Adm'r.* furnishes us our guidelines. The action for medical negligence or malpractice became barred after one year from September 19, 1979. Any damages for which decedent might have brought action within that time are also barred, including loss of wages or earnings to that date, medical expenses, both past and future, and pain and suffering, both past and future. The administrator may recover, however, any damages resulting from the death, including but not necessarily limited to, funeral expenses, and destruction of earning power by reason of the death less, however, any impairment of earning power which existed one year after September 19, 1979.

All concur except LEIBSON, J., who did not sit.