Richard L. McCOLLUM, et al., Movants,

v.

SISTERS OF CHARITY OF NAZARETH HEALTH CORPORATION, et al., Respondents.

Cora GILBERT, Appellant,

v.

NAZARETH LITERARY AND BENEVOLENT INSTITUTION, et al., Appellees.

Martha Lois BILL, et al., Appellants,

v.

NAZARETH LITERARY AND BENEVOLENT INSTITUTION, et al., Appellees.

Rudolf BOWLING, et al., Appellants,

v.

NAZARETH LITERARY AND BENEVOLENT INSTITUTION, et al., Appellees.

Dorothy Combs MARTIN, et al., Appellants,

v.

NAZARETH LITERARY AND BENEVOLENT INSTITUTION, et al., Appellees.

Lillian BUTNER, Appellant,

v.

NAZARETH LITERARY AND BENEVOLENT INSTITUTION, et al., Appellees.

Nos. 89–SC–63–DG, 89–SC–229–TG, 89–SC–234–TG, 89–SC–238–TG, 89–SC–251–TG and 89–SC–293–TG.

Supreme Court of Kentucky.

Oct. 18, 1990.

Rehearing Denied in No. 89–SC–238–TG Dec. 27, 1990.

Douglas Miller, Cynthiana, Theodore L. Mussler, Jr., Louisville, for movants.

Robert J. Turley, Lexington, amicus curiae.

Linda M. Hopgood, Ronald L. Green, Lexington, for respondents.

F. Preston Farmer, John Warren Keller, London, John G. Prather, Jr., Winter R. Huff, Somerset, Eulyn L. Dean, W. Earl Dean, Harrodsburg, Robert E. Cato, London, for appellants.

Willis C. Cunnagin, Cunnagin & Cunnagin, London, Richard G. Segal, Segal & Shanks, Charles L. Koby, Segal & Shanks, Louisville, for appellees.

STEPHENS, Chief Justice.

The six cases before us present an attack on the constitutionality of the portion of KRS 413.140(2) that places a five-year cap on the institution of negligence or malpractice actions against physicians, surgeons, dentists, and hospitals. We hold that this part of the statute is unconstitutional as it violates the open courts provisions of the Kentucky Constitution. *See* Kentucky Const. §§ 14, 54, and 241.

In the first case, Richard McCollum fractured his left femur in 1970 and had two plates and some metal screws inserted in

his leg to repair the break. In 1972, he had surgery to remove the hardware. This surgery was conducted by Dr. David P. Thomas, an associate of the Lexington Clinic, and performed at St. Joseph Hospital, managed by the Sisters of Charity. All but Dr. Thomas are respondents in this action. Some 13 years later, in the fall of 1985, McCollum began experiencing pain in the previously injured leg. In the process of treatment, it was discovered that an orthopedic screw had been left in the tissue of his leg, and additional surgery was required to remove the screw. He filed medical malpractice claims against the doctor, hospital, and clinic on October 10, 1986, within one year of the discovery of the imbedded screw. The Fayette Circuit Court granted the respondents' motion for summary judgment on the grounds that the action was barred "by the statute of limitations contained in KRS 413.140," which the court found to be constitutional. The Court of Appeals affirmed, and we granted discretionary review.

The other five cases involve incidents that occurred in Marymount Hospital in London, Kentucky. Five patients died between July 28, 1970, and January 26, 1971, apparently the victims of Donald Harvey, an employee of the hospital which was then owned and operated by appellee Nazareth Literary and Benevolent Institution. Harvey confessed in 1987 to committing the multiple murders, and the various parties herein filed suit within one year of the confession, stating actions in negligence, wrongful death, and survival. The Laurel Circuit Court dismissed all five actions "on the grounds that all of the Plaintiff[s]' causes of action are barred pursuant to the applicable statute of limitations, KRS 413.-140(1)(e) and KRS 413.140(2), because ... the ... causes of action arose more than five (5) years prior to the institution" of these suits. The trial court held the statute to be constitutional. The five parties appealed to the Court of Appeals. We granted transfer of their appeals to this Court and ordered that the cases be heard with *McCollum v. Sisters of Charity.*

The statute in question, KRS 413.140, provides in pertinent part:

"413.140. Actions to be brought within one year.—(1) The following actions shall be commenced within one (1) year after the cause of action accrued:

. . . .

(e) An action against a physician, surgeon, dentist or hospital ... for negligence or malpractice.

. . . .

(2) In respect to the action referred to in paragraph (e) of subsection (1) of this section, the cause of action shall be deemed to accrue at the time the injury is first discovered or in the exercise of reasonable care should have been discovered: *Provided That such action shall be commenced within five (5) years from the date on which the alleged negligent act or omission is said to have occurred."* (Emphasis added.)

Thus, the legislature has determined that a cause of action commenced more than 5 years after a negligent act is committed by a physician, surgeon, dentist, or hospital is not legally cognizable. The movants/appellants attack this determination on a number of constitutional grounds. They allege the statute violates 1) the prohibition against special legislation found in section 59(5) of the Kentucky Constitution; 2) sections 14, 54, and 241 of the Kentucky Constitution, the "open courts" provisions; and 3) the equal protection provisions of both the United States and the Kentucky Constitutions. We hold that the five-year cap provided in subsection 2 of the statute violates the open courts provisions of the Kentucky Constitution, as judicially construed, and therefore we need not decide the other constitutional challenges presented. *See Fannin v. Williams,* Ky., 655 S.W.2d 480, 481 (1983).

We first focus on *McCollum v. Sisters of Charity* and begin our discussion by examining the difference between a statute of limitations and a statute of repose in the context of that case. There has been an abundance of discussion about the difference between these types of statutes. The movants in *McCollum* argue that the five-year cap found in subsection 2 is a

statute of repose, and thus not distinguishable from the statute of repose we found to be unconstitutional in *Tabler v. Wallace*, Ky., 704 S.W.2d 179 (1985), *cert. denied*, 479 U.S. 822, 107 S.Ct. 89, 93 L.Ed.2d 41 (1986). Respondents counter that KRS 413.140(2) is a statute of limitations, not repose, and therefore *Tabler* does not apply.

In *Tabler* we held that KRS 413.135, the so-called architects and builders "no-action" statute, was a statute of repose that constituted special legislation in violation of section 59(5) of the Kentucky Constitution. We find the section of KRS 413.-140(2) that is being challenged today to be a statute of repose, as well.

■ Statutes of limitations limit the time in which a plaintiff may bring suit *after a cause of action accrues*, whereas statutes of repose potentially bar the plaintiff's suit *before the cause of action arises. The Constitutionality of Statutes of Repose: Federalism Reigns*, 38 Vand.L.Rev. 627, 628–29 (1985) (emphasis added); *see Tabler*, 704 S.W.2d at 184–85. Applying these definitions to KRS 413.140, it is clear that the statute provides both a limitations period and a repose period. Subsection 1(e), read with the discovery rule contained in the first part of subsection 2, provides that an action must be brought against physicians, etc., within one year after the cause of action accrues, and that the cause of action accrues at the time the injury is first discovered, or with reasonable care should have been discovered. This is a statute of limitations, since it limits the time in which a plaintiff may bring suit after a cause of action accrues. The second part of subsection 2—the part at issue in this case—provides that in no event shall a plaintiff commence an action more than five years after the date on which the alleged negligent act was inflicted. Since it is possible that an injury and damages brought about by an allegedly negligent act may not be discovered within the five years provided by this part of the statute, as the *McCollum* case illustrates, the cause of action would be destroyed before it legally existed. Thus,

this portion of the statute constitutes a statute of repose, as movants claim.

Labeling the five-year cap of KRS 413.-140(2) as a statute of repose does not dispose of the matter but does establish the potential for a constitutional conflict. Movants argue that by cutting off claims that have not accrued within the five-year period, KRS 413.140(2) runs afoul of sections 14, 54 and 241 of the Kentucky Constitution, the so-called "open courts" provisions. We agree.

■ Section 14 of the Kentucky Constitution states:

"All courts shall be open, and every person for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay."

This section has been held to apply to the legislative branch of government as well as to the judicial branch. *Commonwealth v. Werner*, Ky., 280 S.W.2d 214 (1955).

Section 54 states:

"The General Assembly shall have no power to limit the amount to be recovered for injuries resulting in death, or for injuries to person or property."

Section 241 states:

"Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then, in every such case, damages may be recovered for such death, from the corporations and persons so causing the same. Until otherwise provided by law, the action to recover such damages shall in all cases be prosecuted by the personal representative of the deceased person. The General Assembly may provide how the recovery shall go and to whom belong; and until such provision is made, the same shall form part of the personal estate of the deceased person."

These provisions prohibit the abolition or diminution of legal remedies for personal injuries and wrongful death, *Carney v. Moody*, Ky., 646 S.W.2d 40 (1982), a theme that has appeared in Kentucky's constitution since 1792. Our constitutional inquiry

under sections 14, 54, and 241 must be directed at whether the cause of action affected by a statute had become established prior to the adoption of the Kentucky Constitution in 1891. *Id.* at 41. If a common-law right of action existed for medical malpractice, then the state legislature has no constitutional power to extinguish it, and the cap found in KRS 413.140(2) must fall.

Our research indicates that a medical malpractice cause of action existed long before the 1891 constitution. *See, e.g., Piper v. Menifee*, 51 Ky. (12 T.B.Mon.) 465, 468 (1851). Thus, KRS 413.140(2) serves to extinguish a common-law cause of action by denying movant access to the courts. McCollum could not recover until a cause of action existed. Proof of damage is an essential part of his medical malpractice cause of action. Such proof was not available to him until 1985, when he first discovered his injury. Yet the legislature, through the five-year cap in KRS 413.140(2), would require McCollum to do the impossible—sue before he had any reason to know he should sue. This is antithetical to the purpose of the open courts provisions in the Kentucky Constitution. Movant need not board this bus to Topsy–Turvy Land.

We are aware of the social policy considerations that exist on both sides of this argument. Respondents argue that if causes of action are not limited, defendants face a series of problems in presenting a proper defense: lost evidence, fading memories, missing witnesses. We note, however, that the passage of time operates to the disadvantage of injured plaintiffs, as well. Respondents also state that the legislature's power to enact statutes of limitations governing the time in which a suit must be brought after a cause of action accrues is unquestioned. We agree, but point out that it is equally well settled that the legislature may not abolish an existing common-law right of action for personal injuries or wrongful death caused by negligence. *Saylor v. Hall*, Ky., 497 S.W.2d 218, 224 (1973). While there may be certain salutary effects from limiting to five years the period in which suits can be brought, these cannot outweigh a plaintiff's constitutional right to have his or her day in court.

Thus, we hold that portion of 413.140(2) which purports to cut off negligence and malpractice actions against physicians, surgeons, dentists, and hospitals at five years to be unconstitutional under sections 14, 54, and 241 of the Kentucky Constitution. The decision of the Court of Appeals in *McCollum v. Sisters of Charity* is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

■ We now examine what impact this holding has on the other five cases before us. The appellants in Gilbert, Bill, Bowling, Martin, and Butner are now operating under KRS 413.140(1)(e), which provides that actions against physicians, etc. for negligence or malpractice must be commenced within one year after the cause of action accrued. In these five cases, it is clear the appellants' cause of action accrued, and the statute began to run, at the date of death. *See Farmers Bank & Trust Co. v. Rice*, Ky., 674 S.W.2d 510, 512 (1984). Even in cases where the discovery rule has been applied, we have held that the cause of action accrues when the fact of injury is known. *See, e.g., Tomlinson v. Siehl*, Ky., 459 S.W.2d 166 (1970). In these five cases, death is the injury that put appellants on notice to investigate.

Clearly, then, the one-year statute has run on appellants, unless it was tolled by the conduct of the appellee hospital in fraudulently concealing the true circumstances surrounding the deaths, or otherwise misleading the appellants, as they stated in their complaints. *See Resthaven Memorial Cemetery v. Volk*, 286 Ky. 291, 150 S.W.2d 908, 912 (1941); *Lashlee v. Sumner*, 570 F.2d 107, 110 (6th Cir.1978) (construing Kentucky law). Since an issue of material fact exists as to whether the hospital in these five cases fraudulently concealed information or misled appellants, it was improper for the circuit court to grant appellees' motion for summary judgment. *Rowland v. Miller's Adm'r*, Ky.,

307 S.W.2d 3, 6 (1956); *see Lashlee*, 570 F.2d at 111. Thus we reverse the grant of summary judgment by the Laurel Circuit Court in these five cases and remand to the circuit court to allow the appellants an opportunity to prove that the statute was tolled.

The decision of the Court of Appeals in *McCollum v. Sisters of Charity* is reversed. The decision of the trial court in *Gilbert, Bill, Bowling, Martin, and Butner v. Nazareth Literary and Benevolent Institution* is reversed. All of these cases are remanded to the trial courts for further proceedings consistent with this opinion.

COMBS, GANT, LEIBSON and VANCE, JJ., concur.

LAMBERT, J., files an opinion concurring in part and dissenting in part.

WINTERSHEIMER, J., dissents in a separate dissenting opinion.

LAMBERT, Justice, dissenting.

I respectfully dissent from that portion of the majority opinion which holds that the *Gilbert, Bill, Bowling, Martin*, and *Butner* cases are barred by KRS 413.140(1)(e), except upon proof of fraudulent concealment. The majority has flatly declared that in every circumstance, the death of a hospital patient amounts to notice of the possibility of malpractice and commences the running of the one-year period of limitation. I believe such a rule is illogical when applied to elderly, severely ill persons, the circumstances which prevailed in the instant cases. In other words, I do not believe the death of a hospital patient which appears to be from natural causes raises a duty of inquiry into the possibility of wrongful death.

In *Tomlinson v. Siehl*, Ky., 459 S.W.2d 166 ((1970), this Court departed from settled precedent and held that a cause of action for medical negligence does not accrue until the discovery of the injury. In so doing, we acknowledged the possibility that prosecution of stale claims might work a hardship upon physicians, but concluded that "when measured against total loss of plaintiff's cause of action barred under the former rule, we think the change is less likely to produce injustice." *Id.* at 168. As urged by appellants, this Court should adopt a rule which requires commencement of wrongful death actions within one year from the discovery of the negligent or intentional acts which caused the death rather than the date of death.

Except as stated herein, I concur with the opinion of the Court.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent because the Court of Appeals and the trial court did not commit reversible error. The trial court was correct in granting summary judgment based on the statute of limitations in K.R.S. 413.140. The medical malpractice statute is distinguishable from K.R.S. 413.-135, which was found unconstitutional in *Tabler v. Wallace*, Ky., 704 S.W.2d 179 (1986) because K.R.S. 413.135 is a statute of repose and not of limitation.

The general assembly intended to have a termination point for various types of legal actions or otherwise there would be no statute of limitations. There is no basis present in this action to extend the holding of *Tabler, supra,* to declare K.R.S. 413.140, the medical malpractice statute of limitations to be unconstitutional.

K.R.S. 413.140(2) is different from the statute involving architects liability because it does not extinguish a cause of action before it arises. Physicians and hospitals were not given special immunity by virtue of the statute. The difference between the two statutes is that the architect statute ends an action before it ever begins, while the medical malpractice law lengthens the time after the action has accrued. The architects statute provided immunity from suit but the medical statute provides no such immunity because it establishes a specific time for an action to be commenced, running from the date of the injury.

K.R.S. 413.140(2) enlarged the rights of a plaintiff by granting additional time to the extent of four years to discover an injury. The legislature's adoption of the medical

malpractice of statute of limitations did not serve to regulate the limitation of a civil lawsuit. Consequently, K.R.S. 413.140(2) does not violate Sec. 59 of the Kentucky Constitution. In any event, the general assembly had a rational justification for enacting the law and it is constitutional.