943 F.2d 52
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Prasad PALAKURTHY, M.D., Uma Palakurthy, M.D., and Thomas
Corcoran, Claudia Corcoran, Plaintiffs-Appellants,
v.
STIFEL, NICOLAUS & CO., INC., Defendant-Appellee.
 Nos. 91-5327, 91-5328.
 United States Court of Appeals, Sixth Circuit.
 Sept. 10, 1991.
 
 Before MILBURN and SUHRHEINRICH, Circuit Judges, and JORDAN, District Judge*.
 PER CURIAM.
 
 
 1
 The plaintiffs, Prasad and Uma Palakurthy and Thomas and Claudia Corcoran, appeal the district court's order dismissing these consolidated diversity actions as barred by the expiration of the applicable three-year statute of limitations. The issue in this case is whether the limitations period set out in KRS 292.480(3) began to run on the date of the contract of sale of the securities in question or on the date on which plaintiffs discovered the alleged fraud of the defendants or when, with reasonable diligence, they could have discovered the fraud. For the reasons that follow, we vacate and remand.
 
 I.
 
 2
 Plaintiffs filed virtually identical complaints against defendant Stifel, Nicolaus & Co. in the Jefferson Circuit Court, Jefferson County, Kentucky. Both cases were removed, based upon diversity jurisdiction under 28 U.S.C. § 1332, to the United States District Court where they were considered together for purposes of defendant's motion to dismiss.
 
 
 3
 It appears from the pleadings that the Corcorans' claims concern a September 1983 contract for the sale of a real estate limited partnership unit in Epic Associates. The Palakurthys' claims concern an October 1983 contract for the sale of an Epic Associates unit. Although plaintiffs characterized their claims as common law claims for fraud, deceit, breach of contract, breach of fiduciary, and negligence, the district court found that the complaints stated claims for violations of the Kentucky Blue Sky Law, KRS 292.010, which was their exclusive remedy under Kentucky law. City of Owensboro v. First U.S. Corporation, Ky., 534 S.W.2d 789, 791 (1974). Therefore, the district court applied the specific statute of limitations found in KRS 292.480(3). This statute provides in relevant part that "[n]o person may sue under [KRS 292.480(a) ] more than three (3) years after the contract of sale." As stated by the district court, "This three year limitation period begins to run on the sale date of the securities in issue." Because the contracts of sale were executed in 1983, the district court concluded that the limitations period for the plaintiffs' claims expired in 1986. Therefore, their actions filed in 1990 were time-barred. These timely consolidated appeals followed.
 
 II.
 
 4
 In answer to the defendant's motion to dismiss below, plaintiffs argued that they had not discovered the alleged fraud until approximately December 23, 1988, and that their actions were timely under KRS 292.480(3) because they were brought within three years of the discovery of the fraud. Plaintiffs made no argument before the district court that some other statute of limitations should be applied in this case. On appeal they now contend that the appropriate statute of limitations is that found in KRS 413.120, which allows certain actions to be commenced within five years after the cause of action accrues. However, an argument not presented to the court below in any form will not be considered for the first time on appeal. White v. Anchor Motor Freight, Inc., 899 F.2d 555 (6th Cir.1990); Adams v. James, 784 F.2d 1077, 1080 (11th Cir.1986) ("We review the case presented to the district court rather than a better case fashioned after the district court's order.").[1] Also not raised below was the plaintiffs' contention that "Kentucky's Blue Sky Law is not the exclusive remedy for Appellants' claims herein, as the state legislature has no power to extinguish common law rights of action in existence prior to the adoption of the 1891 Kentucky Constitution." Brief of Appellants at 10. In its motion to dismiss, defendant asserted that the exclusive remedy for fraud in the sale of securities was the Blue Sky Law. The district court agreed, and plaintiffs made no attempt to argue to the contrary.
 
 
 5
 Plaintiffs did, however, raise below a question concerning the date on which the statute of limitations governing Blue Sky Law actions begins to run. They argued that KRS 292.480(3) "does not bar Plaintiffs' claims as the Plaintiffs have brought their actions within three years from the discovery of the fraud of the Defendant or when Plaintiffs could with reasonable diligence have discovered the fraud." On appeal, plaintiffs pursue this argument and rely upon two cases from the Supreme Court of Kentucky.
 
 
 6
 In McCollum v. Sisters of Charity, Ky., 799 S.W.2d 15, 18 (1990), the Supreme Court of Kentucky distinguished between statutes of limitations and statutes of repose, stating that "[s]tatutes of limitations limit the time in which a plaintiff may bring suit after a cause of action accrues whereas statutes of repose potentially bar the plaintiff's suit before the cause of action arises. " The court then held that a statute purporting to require that all actions against doctors, hospitals, and medical personnel "be commenced within five (5) years from the date on which the alleged negligent act or omission is said to have occurred" was a statute of repose and, as such, violated Sections 14, 54, and 241 of the Kentucky Constitution.
 
 
 7
 Section 14 of the Kentucky Constitution provides:
 
 
 8
 All courts shall be open, and every person for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay.
 
 Section 54 states:
 
 9
 The General Assembly shall have no power to limit the amount to be recovered for injuries resulting in death, or for injuries to person or property.
 
 
 10
 Section 241 of the Kentucky Constitution gives a right of action to the estate or representatives of a person whose death was caused by negligence or wrongful act. The court reasoned that the five-year statute of repose
 
 
 11
 [s]erves to extinguish a common-law cause of action by denying movant access to the courts. McCollum could not recover until a cause of action existed. Proof of damage is an essential part of his medical malpractice cause of action. Such proof was not available to him until 1985, when he first discovered his injury. Yet the legislature, through the five-year cap ..., would require McCollum to do the impossible--sue before he had any reason to know he should sue. This is antithetical to the purpose of the open courts provisions in the Kentucky Constitution.
 
 
 12
 Id. at 19. In McCollum, therefore, the Supreme Court of Kentucky struck down a statute of repose, KRS 413.140(2), because it could bar an action to recover for an injury that had not been discovered by a potential plaintiff until after the statute of repose had run.
 
 
 13
 Thereafter, the Supreme Court of Kentucky followed McCollum in Perkins v. Northeastern Log Homes, Ky., 808 S.W.2d 809 (1991), a case in which it declared another statute of repose unconstitutional for the same reasons. In Perkins, the Supreme Court of Kentucky answered two questions of law certified to it by the United States District Court for the Western District of Kentucky:
 
 
 14
 (1) whether KRS 413.135 violates Kentucky Constitution §§ 14, 54, 59, and/or 241; and
 
 
 15
 (2) whether KRS 413.135 applies to latent disease cases and, if so, whether the statute of limitations commences from the date the plaintiff knows or should have discovered the injury or disease.
 
 
 16
 Id. at 810. After finding KRS 413.135 to be a statute of repose and declaring it unconstitutional, the Supreme Court of Kentucky went on to answer the second question certified, which concerned the application of the statute of repose it had just declared unconstitutional.
 
 
 17
 Thus in reply to Question Two certified to us by a U.S. District Court we respond that in the circumstances presented the statute of limitations commences from the date the plaintiff knew or should have discovered "not only that he has been injured but also that his injury may have been caused by the defendant's conduct."
 
 
 18
 Id. at 819. Thus, the fact that the Supreme Court of Kentucky answered the second certified question thereby interpreting the statute after declaring it unconstitutional raises a question about the meaning of its decision.
 
 
 19
 In their response to defendant's motion to dismiss, plaintiffs argued that the three-year statute of limitations in KRS 292.480(3) should be considered to begin running only after the discovery of the alleged fraud. They did not expressly challenge the constitutionality of KRS 292.480(3), but they did contend that it should be applied only in a certain way. Thus, depending on the meaning of McCollum and Perkins, plaintiffs may have been correct in their argument concerning the proper method of applying the limitations period stated in KRS 292.480(3). Unfortunately, however, McCollum and Perkins had not been decided when the parties filed their memoranda concerning this question in the district court,[2] and thus the district court had no opportunity to consider plaintiffs' arguments in the light of those cases.
 
 
 20
 Because it is difficult to determine what the Supreme Court of Kentucky meant to say about the application of a statute it had just declared to be unconstitutional, because it is uncertain whether the Supreme Court of Kentucky would apply the reasoning of McCollum and Perkins to what appears to be, under its definition, the statute of repose in this case,[3] and because those cases had not been decided at the time the parties briefed the issues in the district court, we shall remand these consolidated actions to the district court for reconsideration as we view these consolidated appeals to be exceptional cases, and, otherwise, justice might not result. We are unanimous in our agreement that oral argument is not needed. Rule 9(a), Rules of the Sixth Circuit and Fed.R.App.P. 34(a).
 
 III.
 
 21
 Accordingly, the order of the district court is VACATED, and these consolidated actions are REMANDED to the district court for reconsideration in light of the recent decisions by the Supreme Court of Kentucky. However, we are not in any way suggesting or implying what the district court's decision on reconsideration should be.
 
 
 
 *
 Honorable Leon Jordan, United States District Court Judge for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 We have discretion to consider issues not raised in the district court in "exceptional cases" or where "injustice might otherwise result." Hormel v. Helvering, 312 U.S. 552, 557, 61 S.Ct. 719, 721 (1941); Singleton v. Wolff, 428 U.S. 106, 121, 96 S.Ct. 2868, 2877 (1976)
 
 
 [2]
 McCollum was decided after the parties filed their memoranda contesting the motion to dismiss but before the district court's memorandum opinion. It was not cited to the district court. Perkins was decided long after the district court entered its memorandum opinion
 
 
 [3]
 This case deals with financial injuries, while McCollum and Perkins concerned personal injuries