27 F.3d 566
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Reba CUMMINS, Executrix of the Estate of James Lee Cummins,
Deceased, Plaintiff-Appellant,
v.
The UPJOHN COMPANY, Defendant-Appellee.
 No. 93-1846.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1994.
 
 Before: MARTIN and JONES, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Reba Cummins appeals the district court's May 24, 1993 decision granting The Upjohn Company's motion for judgment on the pleadings in this wrongful death action. We affirm.
 
 I.
 
 2
 On May 11, 1987, James Lee Cummins committed suicide. On December 15, 1991, Plaintiff-Appellant Reba Cummins ("Cummins"), the decedent's widow, watched a segment of the television program "60 Minutes" which addressed recent medical findings linking the drug Halcion to suicidal behavior.[1] Cummins, as executrix of the decedent's estate, filed an action for wrongful death against The Upjohn Company ("Upjohn"), the manufacturers of Halcion, on August 13, 1992, more than five years after the decedent's death.
 
 
 3
 On November 6, 1992, Upjohn filed a motion for judgment on the pleadings claiming that Cummins' action was barred by Kentucky's one-year statute of limitations governing wrongful death actions.[2] Cummins, in turn, argued that her cause of action did not accrue until she knew, or reasonably should have known, that Upjohn's product played a role in her husband's suicide. On May 24, 1993, the district court granted Upjohn's motion and dismissed Cummins' action:
 
 
 4
 Defendant first argues that plaintiff's entire complaint is barred by the Kentucky one-year statute of limitations for wrongful death actions. The parties agree that under Michigan's choice of law rules, the Kentucky statute of limitations applies to this action. They disagree about when that year began tolling.
 
 
 5
 Defendant argues that it began tolling May 11, 1987, the day of Mr. Cummins' death. [P]laintiff argues that the cause of action did not accrue until plaintiff discovered, or through reasonable diligence should have discovered, the alleged causal connection between Mr. Cummins' suicide and the drug Halcion....
 
 
 6
 ....
 
 
 7
 In a diversity case, my function is to apply state law as I believe the state courts would. Therefore, my opinion on the apparent unfairness of Kentucky's failure to apply the discovery rule in wrongful death cases is irrelevant. As the Kentucky Supreme Court [recently noted,] wrongful death actions fall under the personal injury statute of limitations because "[d]eath is simply the final injury to a person." In Kentucky, the pivotal event is the date of discovery of injury, not discovery of possible causation. Death is considered an "injury" which potential plaintiffs always know about, and thus their cause of action and the statute of limitations always begins tolling at death. For the reasons discussed above, I believe that if presented with this question, Kentucky courts would hold plaintiff's claim to be time-barred....
 
 
 8
 District Court's May 24, 1993 Opinion at 1-8 (citations and footnote omitted).
 
 
 9
 Cummins timely appealed.
 
 II.
 Standard of Review
 
 10
 We review de novo a district court's grant of judgment on the pleadings. Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir.1993). For purposes of the Fed.R.Civ.P. 12(c) motion for judgment on the pleadings, "all well-pleaded material allegations ... must be taken as true[.]" Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir.1973). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." Paskvan v. City of Cleveland Civil Serv. Comm'n, 946 F.2d 1233, 1235 (6th Cir.1991).
 
 Governing Law
 
 11
 "It is well-settled that a federal court sitting in diversity must apply the choice of law rules of the state in which it sits." Charash v. Oberlin College, 14 F.3d 291, 296 (6th Cir.1994). See also Carson v. U-Haul Co., 434 F.2d 916, 917 (6th Cir.1970) ("In a diversity case a Federal Court must look to the choice of law rules of the state in which it is sitting in order to determine which statute of limitation governs.").-- Because Michigan's choice of law rules require us to determine the timeliness of Cummins' wrongful death action using Kentucky law, we must determine the applicability of the discovery rule to wrongful death actions in Kentucky.
 
 Applicability of the Discovery Rule
 
 12
 Cummins claims that her cause of action did not accrue until she learned of the causal connection between her husband's suicide and the Halcion that he ingested. Upjohn, in turn, argues that "Kentucky's discovery rule has no applicability to wrongful death actions." Appellee's Brief at 8 (emphasis in original).
 
 
 13
 In McCollum v. Sisters of Charity of Nazareth Health Corp., 799 S.W.2d 15 (Ky.1990), the Kentucky Supreme Court held:
 
 
 14
 Richard McCollum fractured his left femur in 1970 and had two plates and some metal screws inserted in his leg to repair the break. In 1972, he had surgery to remove the hardware.... Some 13 years later, in the fall of 1985, McCollum began experiencing pain in the previously injured leg. In the process of treatment, it was discovered that an orthopedic screw had been left in the tissue of his leg, and additional surgery was required to remove the screw....
 
 
 15
 The other five cases involve incidents that occurred in Marymount Hospital in London, Kentucky. Five patients died between July 28, 1970, and January 26, 1971, apparently the victims of Donald Harvey, an employee of the hospital.... Harvey confessed in 1987 to committing the multiple murders, and the various parties herein filed suit within one year of the confession, stating actions in negligence [and] wrongful death....
 
 
 16
 ....
 
 
 17
 ... In these five cases, it is clear the appellants' cause of action accrued, and the statute began to run, at the date of death. Even in cases where the discovery rule has been applied, we have held that the cause of action accrues when the fact of injury is known. In these five cases, death is the injury that put appellants on notice to investigate.
 
 
 18
 Clearly, then, the one-year statute has run on appellants....
 
 
 19
 Id. at 16-19 (citations omitted). See also Id. at 20 (Lambert, J., dissenting) ("The majority has flatly declared that in every circumstance, the death of a hospital patient amounts to notice of the possibility of malpractice and commences the running of the one-year period of limitation.... As urged by appellants, this Court should adopt a rule which requires commencement of wrongful death actions within one year from the discovery of the negligent or intentional acts which caused the death rather than the date of death.").
 
 
 20
 In McCollum, the decedents' representatives did not learn of the causal relationship between the patients' deaths and the hospital's negligence until the hospital employee confessed to committing the murders years later.[3] The Kentucky Supreme Court refused to apply the discovery rule to these wrongful death actions and, accordingly, found the actions untimely. See also Tennimon v. Bell Helicopter Textron, Inc., 823 F.2d 68, 73 n. 4 (5th Cir.1987) ("[W]e note that the Florida courts do not extend the discovery rule in wrongful death cases to the plaintiff's discovery of the cause of action. Similarly, it is the Kentucky rule that limitations in wrongful death cases run from the date of death. Tennimon's claims, therefore, would also be barred by limitations under both Kentucky and Florida law."). Because Cummins' failure to comply with Kentucky's statute of limitations precludes her from maintaining this action against Upjohn, the district court properly dismissed her action.
 
 III.
 
 21
 We AFFIRM the district court's May 24, 1993 decision granting Upjohn's motion for judgment on the pleadings for the aforementioned reasons.
 
 
 
 [1]
 The decedent took Halcion from February, 1987, until his death in May, 1987
 
 
 [2]
 Ky.Rev.Stat. Sec. 413.140(1)(a) provides: "The following actions shall be commenced within one (1) year after the cause of action accrued: [a]n action for an injury to the person of the plaintiff, or of her husband, his wife, child, ward, apprentice or servant."
 
 
 [3]
 Because the decedents were elderly, the surviving families did not investigate the causes of their deaths until the hospital employee confessed to the murders