70 F.3d 1271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gene T. GREGORY, Plaintiff-Appellee,
v.
Marshall POOR, M.D., Defendant-Appellant.
 No. 94-6344.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1995.
 
 Before: BATCHELDER, Circuit Judge; MOORE, Circuit Judge; ENSLEN,* District Judge.
 PER CURIAM.
 
 
 1
 This is an appeal of the district court's grant of the defendant's motion for summary judgment on plaintiff's claim that the defendant breached a medical professional's duty of care under Kentucky law.
 
 FACTS
 
 2
 In 1990, plaintiff/appellant Gene T. Gregory ("Mr. Gregory") sought the advice of defendant/appellee Dr. Marshall Poor ("Dr. Poor") about his long-term disability. Some thirty years before seeking Dr. Poor's advice, Mr. Gregory fractured and dislocated vertebrae in his spine. The injury resulted in the development of post-traumatic cervical syringomylia extending from cervical vertebra number four through thoracic vertebra number three. In lay terms, he had a fluid cavity in his spinal cord that was destroying nerve cells and supporting nerve tissue. Mr. Gregory experienced progressive deterioration of his nervous system over the years, including atrophy of both hands, a spastic gait with a cane, diminished reflexes in his arms, and a prominent loss of strength in his right foot.
 
 
 3
 Dr. Poor recommended surgical drainage of the fluid cavity to halt the continued deterioration from the disease. Mr. Gregory does not recall ever being told anything about the risks of such a procedure. He did, however, sign a surgical consent form on October 28, 1990, which was witnessed by two hospital employees.
 
 
 4
 The surgery did not go well. Mr. Gregory's condition changed for the worse. On October 29, 1990, essentially immediately after the surgery, Mr. Gregory noticed that he could no longer use his legs or control his bowels and bladder.
 
 
 5
 On December 2, 1991, Mr. Gregory filed suit against Dr. Poor. On Dr. Poor's motion for summary judgment, the district court dismissed the complaint because Mr. Gregory filed his claim after the Kentucky one year statute of limitations expired. See Gregory v. Poor, 862 F.Supp. 171 (W.D.Ky.1994). The district court determined that Mr. Gregory's claim began to accrue when he discovered his deteriorated condition and that he filed his claim more than one year after that discovery. See id. at 173-75.
 
 
 6
 Mr. Gregory contends here on appeal that the one year statute of limitations did not begin to run until he was told by another physician in January, 1991, that he should have been informed of the risks of the surgery. He argues that because the statute of limitations did not begin to run until January, 1991, his claim filed on December 2, 1991, was not untimely.
 
 Standard
 
 7
 In reviewing a motion for summary judgment, this Court only considers the narrow questions of whether there "are genuine issues as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). This Court cannot resolve issues of fact, but is empowered to determine only whether there are genuine issues in dispute to be decided in a trial on the merits. Gutierrez v. Lynch, 826 F.2d 1534, 1536 (6th Cir.1987); In re Atlas Concrete Pipe Co. Inc., 668 F.2d 905, 908 (6th Cir.1982).
 
 
 8
 In this matter the parties do not dispute the facts underlying the motion decided by the district judge. This appeal simply raises issues of law relating to the elements of a tort and the applicable statute of limitations.
 
 DISCUSSION
 
 9
 Mr. Gregory claims he was not properly informed of the risks of the surgical procedure. This is, in essence, a claim against Dr. Poor "for negligence in failing to conform to a professional standard...." Holton v. Pfingst, 534 S.W.2d 786, 788 (Ky.1975). It is not a strict liability or battery claim, but a negligence claim. See id. Keel v. St. Elizabeth Medical Center, 842 S.W.2d 860, 861 (Ky.1992) (citing Holton with approval).
 
 
 10
 The basic elements for a negligence claim are duty, breach of duty, causation, and damages. Mapother and Mapother, P.S.C. v. Douglas, 750 S.W.2d 430, 431 (Ky.), cert. denied, 488 U.S. 854 (1988). Kentucky defines by statute a medical professional's duty to disclose the risks of, and alternatives to, a medical procedure. See KRS 304.40-320. Therefore, the properly stated elements of Mr. Gregory's claim for negligent failure to obtain informed consent are: 1) lack of informed consent, as defined by the statute, to the known risks; 2) causation; and 3) injury.
 
 
 11
 In Kentucky, an action for negligence or malpractice against a physician must be commenced within one year after the cause of action accrued. See KRS 413.140(1)(e). A cause of action accrues in Kentucky at the time the injury or damage is first discovered. See KRS 413.140(2); Hackworth v. Hart, 474 S.W.2d 377, 379 (Ky.1971). In the case of the negligent breach of the duty to disclose known risks, the injuries or damages are known upon the materialization of the unrevealed risk. See, e.g., Canterbury v. Spence, 464 F.2d 772, 790 (D.C.Cir.), cert. denied, 409 U.S. 1064 (1972).
 
 
 12
 Mr. Gregory was aware of his injuries from the breach, and the statute of limitations began to run, the moment he comprehended harm from the surgery about which he had not been informed. At that point, an unrevealed risk had materialized; and, because the materialized risk had not been disclosed prior to surgery, any injury defined as the mere invasive touching without consent was also apparent.[1] Mr. Gregory admits that he was aware of the unfortunate consequences of the surgery about which Dr. Poor had not warned him on October 29, 1990, shortly after the surgery. Therefore, the district court properly dismissed as untimely the claim filed more than a year after October 29, 1990.
 
 
 13
 Mr. Gregory believes that his claim did not accrue until a physician informed him several months after the surgery, in January, 1991, that he should have been informed before the surgery of the possible consequences of the procedure. This misinterpretation of the "discovery rule" contends that the statute of limitations does not begin to run until the victim discovers both the injury and its cause. This is clearly incorrect. Such a characterization of the discovery rule was flatly rejected by the Kentucky Supreme Court in McCollum v. Sisters of Charity, 799 S.W.2d 15 (Ky.1990). McCollum involved the deaths of hospital patients due to, as it was revealed years after their deaths, the intentional acts of a hospital employee. Although the decedents' representatives filed suit within one year of the employee's confession, the Kentucky Supreme Court found the actions untimely since the statute began to run at the time of the injury (death) and not at the discovery of the cause (confession). Id. at 19. Accordingly, Mr. Gregory was required to file his action within one year of his discovering his injury, and not within one year of his discovering the cause of his injury.
 
 
 14
 Accordingly, the district court is hereby AFFIRMED.
 
 
 
 *
 HONORABLE RICHARD ALAN ENSLEN, Chief Judge, United States District Court for the Western District of Michigan, sitting by designation
 
 
 [1]
 At oral argument, counsel contended that his claim was tantamount to a battery. It is clear from the facts that, even if Kentucky defined the tort in terms of battery, see Keel, 842 S.W.2d at 862 (Leibsen, J., concurring) (battery applies to absence of consent to the procedure, negligence applies to the failure to disclose known risks), the statute of limitations expired before Mr. Gregory filed suit