RENDERED: JANUARY 6, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0140-MR


LEILA SALISBURY, AS EXECUTRIX
OF THE ESTATE OF HOLLY
BUCKNER SALISBURY                                     APPELLANT


                    APPEAL FROM FAYETTE CIRCUIT COURT
v.                  HONORABLE THOMAS L. TRAVIS, JUDGE
                    ACTION NO. 19-CI-03000


SCOTT ROTH, MD; HEATHER
FROHMAN-SINNER, MD; HENRIK
O. BERDEL, MD; KYLE M. BESS,
MD; SHYANIE KUMAR, MD; UK
HEALTHCARE; UNIVERSITY OF
KENTUCKY; AND UNIVERSITY OF
KENTUCKY MEDICAL CENTER                               APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, COMBS, AND GOODWINE, JUDGES.

GOODWINE, JUDGE: Leila Salisbury, as executrix of the estate of Holly

Buckner Salisbury ("estate") appeals from an order of the Fayette Circuit Court

denying the estate's motion to file a second amended complaint to add Scott Roth, MD ("Dr. Roth") as a defendant. The circuit court found the estate's claims against Dr. Roth were time barred. After careful review, finding no error, we affirm.

The circuit court summarized the background of this case as follows:

> In this medical malpractice action, the Plaintiff alleges that the Decedent, Holly Salisbury [("Holly")], suffered iatrogenic injuries to major blood vessels during two separate procedures conducted at the University of Kentucky. The first surgery, performed under the direction of Dr. Roth, was one for an elective hernia repair, which occurred at Good Samaritan Hospital on July 24, 2018. During the course of that surgery, the Decedent's gastric artery was injured, resulting in significant blood loss. Due to the loss of blood, the Decedent's body temperature began to drop, prompting Chandler Medical Center providers under the direction of Henrik Berdel, M.D., and Heather Frohman-Sinner, M.D., to place a catheter in an attempt to warm her up. A complication in the placement led to an injury to the Decedent's left iliac vein. Ms. Salisbury passed away four days later, on July 28, 2018.

> The Plaintiff filed her Complaint on August 16, 2019, and her Amended Complaint on August 19, 2019. Dr. Roth, who injured the Decedent's gastric artery during the elective hernia repair, was not named as a party in these initial pleadings. According to the Plaintiff, although it was known that Dr. Roth was responsible for the injury to the Decedent's gastric artery, he was not originally named as a Defendant because such injuries are known and acceptable complications during hernia repairs, and his operative report describes him recognizing the injury and attempting to properly manage it.

The Plaintiff now wishes to add Dr. Roth as a party because her experts believe that his August 20, 2021, deposition testimony contradicts the description in his operative report. Specifically, the operative report explains that his repair of the artery resulted in minimal blood loss. However, the Plaintiff's experts concluded that Dr. Roth improperly staunched the bleeding artery during the hernia repair by stapling only a branch vessel of the artery, which then necessitated a second attempt to fix the artery. As a result of this alleged breach of the standard of care, the Plaintiff asserts that the Decedent lost approximately one-half of her blood volume before her transfer to Chandler Medical Center.

Record ("R.") at 461-62 (footnote omitted).

The estate filed a CR[1] 15.01 motion for leave to file a second amended complaint seeking to add Dr. Roth as a party. Dr. Roth entered a special appearance to argue the second amended complaint was time barred. The circuit court heard oral argument on the motion. At the conclusion of the hearing, the circuit court permitted the parties to file supplemental briefs and took the matter under advisement.

On December 15, 2021, the circuit court entered an order denying the estate's motion to file a second amended complaint. The circuit court found as follows:

The Court finds that there are no genuine issues of material fact even when considering the facts in a light most favorable to the Plaintiff. Prior to the expiration of the statute of limitations, the Plaintiff possessed

---

[1] Kentucky Rules of Civil Procedure.

-3-

sufficient information putting her on notice of a possible claim against Dr. Roth. His identity was clearly known as the surgeon who performed the hernia operation and who, in the course thereof, cut the gastric artery. The medical records were in Plaintiff's possession, and CR 27.01(1) would have afforded Plaintiff an opportunity to depose Dr. Roth before the statute of limitations expired. There is no claim of concealment, deception, or other applicable circumstances recognized by the Appellate Court that would toll the statute of limitations utilizing the "discovery rule."

R. at 466.

On appeal, the estate argues its claims against Dr. Roth were not time barred for three reasons: (1) the discovery rule applies; (2) it was entitled to rely on the expert opinions it obtained as required by KRS[2] 411.167 and ethical standards; and (3) the statute of limitations is a factual issue precluding dismissal before even allowing the estate to file a second amended complaint.

In reviewing a denial of a motion to amend the complaint, we apply the following standard of review:

A trial court may deny the right to amend a pleading on the basis of "the futility of the amendment itself," which essentially equates to a failure to state a claim upon which relief could be granted. *Bank One, Kentucky, N.A. v. Murphy*, 52 S.W.3d 540 (Ky. 2001). Ultimately, a trial court is vested with the discretion to determine whether to allow an amended pleading, and its decision will not be disturbed absent an abuse of that discretion. *Lambert v. Franklin Real Estate Co.*, 37

---

[2] Kentucky Revised Statutes.

-4-

S.W.3d 770, 779 (Ky. App. 2000).

*Insight Kentucky Partners II, L.P. v. Preferred Automotive Services, Inc.*, 514

S.W.3d 537, 555 (Ky. App. 2016).

First, the estate argues, under the discovery rule, it could not have

known of Dr. Roth's potential liability until his August 20, 2021, deposition.

Generally, medical malpractice actions must be filed "within one (1) year after the

cause of action accrued[.]" KRS 413.140(1)(e). However, when a prospective

plaintiff "dies before the expiration of the time limited for its commencement and

the cause of action survives," the estate administrator may file an action on behalf

of the decedent "after the expiration of that time, if commenced within one (1) year

after the qualification of the representative." KRS 413.180(1).

Dr. Roth performed Holly's initial surgery on July 24, 2018, and she

died on July 28, 2018. The executrix was appointed on September 5, 2018. Thus,

the estate was required to file any medical malpractice claims arising out of

Holly's death by September 5, 2019.

The estate argues its claims are still timely under the discovery rule in

KRS 413.140(2),[3] which provides: "the cause of action shall be deemed to accrue

---

[3] KRS 413.140(2) was held to be unconstitutional by *McCollum v. Sisters of Charity of Nazareth Health Corp.*, 799 S.W.2d 15, 17-18 (Ky. 1990), to the extent it placed a five-year cap on an individual's ability to bring a negligence or malpractice action against those professionals listed in KRS 413.140(1)(e).

at the time the injury is first discovered or in the exercise of reasonable care should have been discovered[,]" and the action must be filed within five years of when the negligence occurred. The estate asserts that it could not have known of Dr. Roth's potential liability until his August 20, 2021, deposition, which he gave as a non-party fact witness. The estate admits it "knew that Dr. Roth harmed or damaged Holly's gastric artery during the hernia repair surgery. But knowledge of 'harm' is not what is required to trigger the statute of limitations. The [e]state did not and could not know that Dr. Roth's actions amounted to a legal injury." Appellant's Brief at 10-11. The estate further claims it relied on medical expert opinion in initially determining Dr. Roth's actions were not below the standard of care.

However, the estate's interpretation of the discovery rule is incorrect. "[A] cause of action will not accrue under the discovery rule until the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct." *Vannoy v. Milum*, 171 S.W.3d 745, 749 (Ky. App. 2005) (quoting *Louisville Tr. Co. v. Johns-Manville Products Corp.*, 580 S.W.2d 497, 501 (Ky. 1979)). The relevant question in determining whether the discovery rule applies is: "Does the statute start to run when the surgery patient discovers the sponge or when an attorney tells the patient that legal action lies against the surgeon? Obviously the answer must be with the discovery that a wrong has been

-6-

committed and not that the party may sue for the wrong." *Conway v. Huff*, 644 S.W.2d 333, 334 (Ky. 1982). Additionally, in cases where the injured person dies, our Supreme Court has held that a cause of action accrues at the date of death because "death is the injury that put appellants on notice to investigate." *McCollum v. Sisters of Charity of Nazareth Health Corp.*, 799 S.W.2d 15, 19 (Ky. 1990).

The estate's argument is contrary to settled Kentucky case law. The estate admits it knew Dr. Roth injured Holly when he damaged her artery during the initial surgery, and she tragically died a few days later. That is all the discovery rule requires for a claim to accrue. Thus, the circuit court correctly determined the estate's claims against Dr. Roth were time barred.

Second, the estate argues it was entitled to rely on the expert opinions obtained as required by KRS 411.167 and ethical standards. The estate asserts its initial August 2019 complaint was subject to KRS 411.167, which requires plaintiffs to "file a certificate of merit with the complaint" declaring that a medical expert believes "there is reasonable basis to commence the action[.]" KRS 411.167(1) and (2)(a). Only one certificate of merit is "required for an action even if more than one (1) defendant has been named in the complaint or is subsequently named." KRS 411.167(3).

The estate asserts it consulted with two qualified experts who opined the injury to Holly's gastric artery was an unfortunate but known complication and was not a breach of the standard of care. The estate argues it had the right to rely on the experts' affidavits in declining to initially name Dr. Roth as a defendant.

Dr. Roth points out that the estate did not submit the expert's affidavit until it filed a CR 59.05 motion after the circuit court entered an order denying the estate's motion to amend the complaint. "A party cannot invoke CR 59.05 to raise arguments and to introduce evidence that should have been presented during the proceedings before the entry of the judgment." *Gullion v. Gullion*, 163 S.W.3d 888, 893 (Ky. 2005). Unfortunately, because the estate did not file the expert affidavits with the motion to amend the complaint, the circuit court could not consider them.

As this novel argument is not properly before us, we cannot pass on the question of how KRS 411.167 affects the accrual of a medical malpractice claim when a qualified expert determines there is not a reasonable basis to commence an action. In this case, KRS 411.167(3) arguably would have applied, rendering only one certificate of merit necessary even though there are multiple defendants. So even if this issue were properly before us, this provision would likely have also prevented us from passing on the accrual question.

Finally, the estate argues the statute of limitations is a factual issue precluding dismissal before allowing the estate to file a second amended complaint. The estate's second amended complaint was obviously futile and failed to state a claim on which relief could be granted as its claims against Dr. Roth were time barred. *See Insight Kentucky Partners II, L.P.*, 514 S.W.3d at 555. The circuit court did not abuse its discretion in denying the estate's motion to amend the complaint.

Under this final argument, the estate makes an underdeveloped, unpreserved argument that Dr. Roth fraudulently concealed his negligence by way of his alleged incomplete operative reports. As this argument is unpreserved and conclusory, we decline to address it.

For the foregoing reasons, we affirm the order of the Fayette Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Kevin C. Burke
Jamie K. Neal
Louisville, Kentucky

James M. Bolus, Jr.
Louisville, Kentucky

BRIEF FOR APPELLEES:

William E. Thro
Lexington, Kentucky

Margaret M. Pisacano
Lexington, Kentucky

Bradley A. Case
Stephen J. Mattingly
Louisville, Kentucky